OWEN, Judge.
Appellants, the vendees under a contract for sale of real property, had secured a final judgment requiring the vendor to specifically perform the contract. Subsequent to final judgment the court determined that the vendees had failed to comply with certain provisions of the final judgment which would entitle them to a conveyance, and thereupon granted the vendor’s motion to dismiss the suit. It is this post judgment order of dismissal which is now before us.
The contract price was $280,000, of which $10,000 had been paid as a deposit, $60,000 was to be paid in cash at closing, and the remaining $210,000 was to be paid by a purchase money note and mortgage amortized over five years. At the time the contract was executed the property was already encumbered by a first mortgage to Home Federal having a principal balance of $150,000, which mortgage the vendor anticipated satisfying at the time of closing. When the deal did not close, the vendees sought and obtained a judgment for specific performance.
The judgment allowed the vendees thirty days within which to deposit into the registry of the court the cash down payment with accrued interest and to deliver to the clerk of the court executed purchase money note and mortgage as described in the contract, with a proviso that the amount thereof would be reduced to the extent of any encumbrance upon the property which the vendees had not agreed in the contract to assume. The vendees sought a clarification of certain provisions of the judgment as a result of which the court entered an order amending the judgment in certain respects. The amended judgment allowed the vendees *770 seven days to file with the clerk authorization to disburse the funds theretofore deposited into the registry of the court and to also deposit with the clerk for delivery to the vendor a promissory note and purchase money mortgage as provided in the contract. The amended judgment, in referring to this note and mortgage, contained the following language which is relevant to the problem before us:
“ * * * provided, however, there shall be credited on the amount of said note and mortgage all sums which Plaintiffs are required to pay in discharge of the first mortgage now encumbering the property, commencing with the first payment maturing under the terms of Defendant’s note and purchase money mortgage and continuing with each installment thereafter until the total sum paid by Plaintiffs on account of the first mortgage now encumbering the property has been credited on such installments.”
The problem arose because of a difference of view as to the proper interpretation to be placed on the above-quoted proviso in the amended judgment. The plaintiffs took the position that such amended judgment did not require them, to pay the mortgage held by Home Federal, but merely permitted them to do so at their option in which event they would receive credit on the purchase money note and mortgage in the manner specified in the court’s order. Consequently, the vendees paid no part of the $150,000 due on the outstanding mortgage, and having already theretofore delivered to the clerk a note and mortgage for $210,000 as required by the contract and the original judgment, they deemed themselves in compliance with the amended judgment when they authorized the clerk to disburse the cash deposit to the vendor. When the time limit for performance had expired, the vendor moved for an order dismissing the suit on the grounds that the vendees had not satisfied the $150,000 mortgage as required by the amended final judgment. At hearing on this motion the court recognized that while- the amended judgment did not expressly order the vendees to satisfy the $150,000 mortgage, it determined that the vendees should have understood the necessity of doing so since the vendor had announced prior to the amended judgment being entered that it either could not or would not satisfy such mortgage. The court found the vendees to be in non-compliance with the intent of the amended judgment and notwithstanding the vendees’ offer to pay the Home Federal mortgage in full instanter in order to comply with the court’s interpretation of the requirements of the amended judgment, the court dismissed the suit and taxed costs against the plaintiffs.
The final judgment in this case determined that the plaintiffs were entitled to have the contract specifically enforced against the defendant. The contract required the defendant to convey the property free of the encumbrance of the Home Federal mortgage. The amended final judgment did not expressly direct the plaintiffs to satisfy such mortgage as a condition precedent to obtaining a conveyance of the property, although it is clear that as a practical matter this is the only means by which the vendees can acquire from the vendor a title unencumbered by such mortgage. The order of dismissal has the effect, however, of depriving the plaintiffs of the benefit of the final judgment because of their failure to do that which the court had not expressly directed them to do and which was clearly a contractual obligation of the defendant vendor. In view of the plaintiffs’ offer to perform instanter upon the court’s clarifying the intent of the amended final judgment, it is our view that the court abused its discretion in entering the order of dismissal.
The order of September 22, 1969, dismissing this suit is vacated and this cause remanded for further proceedings. Upon remand the court shall by appropriate order afford the plaintiffs a reasonable time to satisfy the outstanding Home Federal mortgage on the property, and otherwise fully comply with the conditions set forth in the *771 amended final judgment so as to entitle them to a conveyance, failing which the court may then in its discretion enter a dismissal order similar to the one here appealed.
Reversed and remanded.
CROSS, C. J., and REED, J., concur.